IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 12-0086-WS |
| | ) | |
| WILLIAM JAMES ATKINSON III, | ) | |
| ANDREW SETH ATKINSON and | ) | |
| MATHEW DAVID ATKINSON, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on the motion of defendant William James Atkinson III ("William") to dismiss the indictment. (Doc. 45). His co-defendants have joined in the motion.[1] The parties have filed briefs in support of their respective positions, (Docs. 46, 57, 66), and the motion is ripe for resolution.

## BACKGROUND

William is the father of his co-defendants and also of non-party William Atkinson IV ("William IV"). In February 2012, William IV was arrested in Honduras on charges of molesting a number of children at a Honduran orphanage. (Doc. 46 at 8 n.3). The two-count indictment charges that the defendants destroyed a DVR hard drive containing evidence relating to this molestation. Count Two charges against each defendant a violation of 18 U.S.C. § 1519, and Count One charges against each defendant a Section 371 conspiracy to violate Section 1519. (Doc. 1). The defendants argue that Section

---

[1] Their motions to adopt William's motion to dismiss as their own, (Docs. 47, 48), are **granted**.

[1]

1519 is unconstitutionally vague[2] and that the indictment does not meet the requirements of due process and Rule 7(c).

## DISCUSSION

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519.

### A. Constitutionality of Section 1519.

The defendants concede that a violation of Section 1519 can be shown in connection with either a presently pending investigation or a contemplated future investigation. They argue, however, that the statute is unconstitutionally vague because, while an "intent to impede, obstruct, or influence" an existing investigation is required, no such intent is needed with respect to a contemplated investigation. (Doc. 46 at 2-3).

Every appellate court known to have addressed the issue has rejected the defendants' premise, finding instead that the specific intent element extends to prosecutions based on contemplated investigations.[3] The defendants complain that all these decisions are wrong but, by insisting that the Court must adopt a "narrow

---

[2] The defendants' motion asserts the statute is unconstitutionally vague "on its face and as applied," (Doc. 45 at 1), but their argument limits their challenge to one "as applied." (Doc. 46 at 2; Doc. 66 at 3). Only an as-applied challenge is properly presented.

[3] *United States v. Kernell*, 667 F.3d 746, 752-53 (6th Cir. 2012); *United States v. Yielding*, 657 F.3d 688, 711 (8th Cir. 2011); *see also United States v. Moyer*, 674 F.3d 192, 211 (3rd Cir. 2012). The government concedes that the intent requirement extends to prosecutions based on contemplated investigations. (Doc. 57 at 3-5).

interpretation" of Section 1519, (Doc. 46 at 3), they affirmatively request the Court to narrow the statute's scope by recognizing a specific intent element in cases involving contemplated investigations.[4]

Moreover, the Eleventh Circuit has already resolved the question adversely to the defendants. In *United States v. Hunt*, 526 F.3d 739 (11th Cir. 2008), the defendant made a false entry before any federal investigation began, *id*. at 742, so the prosecution under Section 1519 necessarily was based on a contemplated investigation. The Court rejected the defendant's vagueness challenge because Section 1519 "rather plainly criminalizes the conduct of an individual who" knowingly makes a false entry "with intent to impede or influence a federal investigation." *Id*. at 743. The Court described this intent requirement as "[un]ambiguous." *Id*. *Hunt* cannot be read other than as a holding that Section 1519 includes an intent element even when the prosecution is based on a contemplated investigation.

The defendants suggest that *Hunt* is limited to its facts, which included the defendant police officer's awareness from his official training that the federal government would investigate and prosecute willful uses of excessive force. (Doc. 46 at 4-5). Those facts may have made it easier for the government to prove the contemplation element of the offense, but they had nothing to do with the Court's rejection of the defendant's vagueness argument. On the contrary, the Court repeatedly affirmed that its ruling was based exclusively on the statute's "plain language." 526 F.3d at 744.

---

[4] Even if it applied, the rule of lenity does not, as the defendants suppose, obligate or even permit a court to adopt an unconstitutional construction of a statute so as to benefit a prosecuted defendant. (Doc. 46 at 3). It is instead a tool for narrowing the reach of a grievously ambiguous statute, not for expanding the statute's reach (as would occur were specific intent not deemed to extend to contemplated investigations). *E.g., United States v. Blankenship*, 382 F.3d 1110, 1136 (11th Cir. 2004). Indeed, the "categorical" rule is that, "as between two possible interpretations of a statute, by one of which it would be unconstitutional and by the other valid, our plain duty is to adopt that which will save the Act." *Rust v. Sullivan*, 500 U.S. 173, 191 (1991) (internal quotes omitted). The *Kernell* Court expressly relied upon this rule, 667 F.3d at 752, which the defendants ignore at their peril.

Stressing its Sarbanes-Oxley underpinnings, the defendants insist that Section 1519 "was never intended to apply to the conduct at issue in this case." (Doc. 46 at 3). But the Eleventh Circuit has already held that Section 1519 is not limited to the "corporate fraud and executive malfeasance" that spurred its enactment. *Hunt*, 526 F.3d at 744.

In their reply brief, the defendants assert a new argument: that Section 1519 is unconstitutionally vague because "[t]he attributes of the 'contemplation' mental state are undefined." (Doc. 66 at 3). The defendants admit that the meaning of "contemplation" is plain and presents no vagueness problem, (*id.*), but they complain that the statute does not specify whether a defendant must contemplate that a future investigation is certain, or only probable, or merely possible. (*Id.*).

The defendants' argument founders on their failure to show that "contemplation" under Section 1519 requires the defendant's contemplation of some unidentified, threshold level of probability that a federal investigation will occur. He cites a case for the proposition that such an investigation must be "foreseeable," (Doc. 66 at 3-4), but this is only a tautology; one cannot contemplate that which is unforeseeable. Since the defendants have offered no reason to suspect that Section 1519 harbors some unspoken requirement concerning the defendant's subjective calculation of the odds of a federal investigation, they cannot succeed on an argument that the statute is unconstitutionally vague for failing to articulate that requirement expressly.

### B. Sufficiency of the Indictment.

There are at least two "criteria by which the sufficiency of an indictment is to be measured." *Russell v. United States*, 369 U.S. 749, 763 (1962). The first is "whether the indictment contains the elements of the offense and sufficiently apprises the defendant of what he must be prepared to meet." *Id*. (internal quotes omitted). "Even when an indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense

… with which he is charged." *United States v. Schmitz*, 634 F.3d 1247, 1261 (11th Cir. 2011) (internal quotes omitted).

The indictment explicitly charges that the defendants violated Section 1519 "by erasing, altering, destroying, mutilating, and covering up the hard drive of a digital video recorder (DVR) containing evidence related to child molestation," (Doc. 1 at 3), and the defendants admit their appreciation that the alleged child molestation is that of William IV at a Honduran orphanage. (Doc. 46 at 8). The indictment further identifies the illegal acts as William's instructions to his co-defendants to erase and shoot the hard drive and their carrying out of his directives, with all such acts occurring in February 2012. (Doc. 1 at 2).[5] The defendants concede that the indictment alleges each element of the offenses charged, and it is obvious from the above description that the indictment provides precise detail identifying the defendants' unlawful conduct.

The defendants nevertheless argue that the indictment violates the quoted legal principles in four ways: (1) it charges that the defendants destroyed the DVR hard drive with the intent to impede both a pending investigation and a contemplated investigation but fails to identify the date the investigation began (and the precise date of the destruction) so that the defendants can determine whether it is a pending investigation or a contemplated investigation that is actually in play; (2) it fails to show that the underlying matter (William IV's alleged child molestation in Honduras) falls within the jurisdiction of the Department of Homeland Security ("DHS"); (3) it charges that the destruction of the DVR hard drive occurred in relation to and in contemplation of a matter or "case" without identifying the nature of the case; and (4) it "does not state facts showing how a future investigation would be in the defendant's contemplation at the time of the destruction of the DVR." (Doc. 46 at 7-8).

---

[5] A final charged overt act is one co-defendant's false statement to DHS, on or about March 22, 2012, that there was no shooting range on his property and that a family truck driver had cleaned up the shooting range. (Doc. 1 at 2).

The defendants insist that it is critical to the defense for the indictment to specifically allege the date the investigation began, and the date the destruction occurred, so that they can know whether they must defend under the "contemplation" prong of the statute, but they are unable to articulate why this is so. As the Court has already noted, there is no difference in the elements that must be proved, since prosecutions under the contemplation prong require the government to prove specific intent. And the defendants admit that, even with respect to a pending investigation, the government must prove contemplation if it cannot prove the defendants were subjectively aware of the investigation at the time of their conduct. (Doc. 66 at 2). The indictment's listing of both a pending and a contemplated investigation does not result in a failure to inform the defendants of the specific offense with which they are charged, any more than a listing in the conjunctive of multiple possible ways in which the defendant could have unlawfully taken property results in such a failure. *United States v. Acosta*, 748 F.2d 577, 579 (11th Cir. 1984).

The indictment charges that the child molestation was within the jurisdiction of DHS, (Doc. 1 at 2, 3), which adequately alleges this element and sufficiently apprises the defendants of the specific crime with which they are charged. Similarly, the indictment charges that the defendants contemplated an investigation of William IV's alleged child molestation at the time of their charged conduct, (*id*. at 2-3), which adequately alleges this element and sufficiently apprises the defendants of the specific crime with which they are charged. In order to provide notice of the crime charged, it is not necessary for the indictment to allege facts proving DHS's jurisdiction or showing why the defendants would have contemplated an investigation. The defendants offer no authority or explanation for their contrary position.

Finally, a "case" within Section 1519 is by its terms limited to a "case filed under title 11." Since there is no bankruptcy proceeding implicated here, the indictment's usage of the term is surplusage, and any deficiencies in pleading it are irrelevant.

## CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss is **denied**.

DONE and ORDERED this 7th day of August, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE