# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION 12-086-KD-N |
| | ) | |
| WILLIAM JAMES ATKINSON, III, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on the Motion for New Trial (Doc. 122) timely filed pursuant to Rule 33 of the Federal Rules of Criminal Procedure by Defendant William James Atkinson, III ("William Atkinson") and the Government's Response in opposition (Doc. 127). Upon the timely filed motion of a defendant, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Upon consideration of the arguments, and for the reasons stated herein, William Atkinson's motion (Doc. 122) is due to be **DENIED**.

William Atkinson summarily states that 18 U.S.C. § 1519 is unconstitutional because (a) "it does not require[] a nexus between an interest of the United States of America and a contemplated Honduran investigation of a crime committed in Honduras . . . against a Honduran citizen[,]" (Doc. 122, ¶ 5), and (b) it is unconstitutionally vague by failing to require that a destroyed object be found to be material to a contemplated investigation, (Id., 2nd ¶ 6). No authority or analysis was presented, thus, the Court **DENIES** William Atkinson relief as to both of his arguments on the constitutionality of § 1519.

William Atkinson also presents two statements attacking the sufficiency of the Government's evidence, claiming that the Government failed to sufficiently prove (a) that "the

hypothetical jurisdiction of the Department of Homeland Security over investigations into the extraterritorial activities of American citizens generally was applicable to the facts of this case, since there was no proof that Will Atkinson was a United States citizen or that he traveled in foreign commerce within the meaning of the §2423 to engage in prohibited activity[,]" (Doc. 122, 1st ¶ 6), and (b) that any investigation was foreseeable to William Atkinson at the time of the subject DVR's destruction, (Id., ¶ 4).

As to argument (a), the Government was not required to prove the actual violation of a federal statute in order to sustain its burden to show that the investigation was "within the jurisdiction of" the federal government. As to argument (b), the Court finds that the Government presented sufficient evidence at trial that an investigation was foreseeable to Atkinson at the time the DVR was destroyed. The government did not have to prove that it was a federal investigation that was foreseeable. See United States v. Moyer, 674 F.3d 192, 208-09 (3d Cir. 2012) ("The government []need not prove that [a defendant] actually knew that the 'matter' at issue was within the jurisdiction of the federal government when he falsified documents. It need only prove that he knowingly falsified them." (footnote omitted)); United States v. Yielding, 657 F.3d 688, 713-14 (8th Cir. 2011) ("The district court . . . instructed the jury that the government 'need not prove that the defendant specifically knew that the matter was within the jurisdiction of a department or agency.' []We conclude that the district court's instruction accurately stated the law on this point as well."). Accordingly, the Court **DENIES** William Atkinson relief based on his arguments attacking the sufficiency of the evidence.

I. **Jury Charge**

William Atkinson argues that the Court erred by not instructing the jury "that they were required to unanimously agree on which particular investigation the defendant specifically

intended to impede." (Id., ¶ 3).  It should first be noted that William Atkinson has cited no authority in support of this argument.  However, the Third Circuit has held that, to support a conviction under § 1519, "the government was required only to prove that (1) [the defendant] intended to impede an investigation into 'any matter' and (2) the matter at issue was ultimately proven to be within the federal government's jurisdiction. It was not required to prove that [the defendant] intended to obstruct or impede a specific federal investigation." Moyer, 674 F.3d at 210.  If the Government is not required to prove intent to obstruct or impede "a specific federal investigation" in order to sustain a § 1519 conviction, a jury can not be required to determine which investigation the defendant intended to obstruct or impede. Therefore, the Court **DENIES** William Atkinson relief based on this argument.

## II. Renewed Motions

Lastly, William Atkinson renews his pretrial motion to dismiss the indictment (Doc. 45) and his motions made under Rule 29 of the Federal Rules of Criminal Procedure.  (Doc. 122, ¶¶ 7-8).  As William Atkinson provides no additional analysis to indicate that the Court should reverse its prior rulings, the Court hereby renews its **DENIAL** of these motions, for reasons stated on the record.

## III. Conclusion

In accordance with these findings, it is hereby **ORDERED** that Defendant William Atkinson's Motion for New Trial (Doc. 122) is **DENIED**.

**DONE** and **ORDERED** this the **14th** day of **September, 2012**.

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**